# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Travon Lewis Bivins,

          Plaintiff,       Case No. 18-11863

v.                                Judith E. Levy
                                United States District Judge

Brian T. Gibbings,

                                Mag. Judge Patricia T. Morris

          Defendant.

_____/

## ORDER AFFIRMING DENIAL OF DEFENDANT'S MOTION TO EXTEND DISPOSITIVE MOTION DEADLINES [18] AND EXERCISING DISCRETION TO EXTEND DISPOSITIVE MOTION DEADLINES

**INTRODUCTION**

     Before the Court is Magistrate Judge Patricia Morris's Order denying Defendant's motion to extend the dispositive motion filing deadlines due to Defendant's untimeliness. (ECF No. 18.) Defendant timely objected to Judge Morris's non-dispositive Order. Fed. R. Civ. P. 72(a); E.D. Mich. L.R. 72.1(d). The Court has carefully reviewed the record along with Judge Morris's Order and concurs in the reasoning. Accordingly, because Judge Morris correctly concluded that Defendant's

delay was inexcusably neglectful, the Court ADOPTS the Order denying Defendant's motion to extend dispositive motion filing deadlines.

However, because the facts in this case are undisputed and because district courts may exercise discretion to consider untimely dispositive motions, the Court exercises its discretion in this case to EXTEND the dispositive motion deadline by thirty (30) days.

**BACKGROUND**

On June 12, 2018, Plaintiff filed a complaint alleging that Defendant violated Plaintiff's Fourth Amendment right to be free from unreasonable seizures. (ECF No. 1.) On February 6, 2019, this Court referred all pretrial matters to Magistrate Judge Morris. (ECF No. 8.) Defendant answered the complaint on April 17, 2019. (ECF No. 10.)

On April 18, 2019, Judge Morris entered a scheduling order setting the dispositive motion deadline for November 20, 2019, and the discovery motion deadline for August 23, 2019. (ECF No. 11.) In the Court's electronic filing system, the dispositive motion deadline appeared in bright-red text next to the words "SCHEDULING ORDER." (*Id.*)

On September 24, 2019—after both deadlines had passed—Plaintiff filed a motion to compel discovery, arguing that Defendant had refused

to respond to Plaintiff's interrogatory requests. (ECF No. 16.) Two days later, Defendant filed a motion to extend the scheduling order date so that it could file a motion for summary judgment. (ECF No. 17.) Defendant argued that defense attorney Michael Auten had taken over the case in June 2019, and that the April 2019 scheduling order "was never given to" him and "was not in the file." (*Id.* at PageID.60-61.) Defendant also argued that Auten had checked PACER for a scheduling order but had "somehow miss[ed]" it. (*Id.* at PageID.61.) Defendant argued that it was entitled to an extension under Federal Rule of Civil Procedure 16(b)(4) because Auten had good cause for missing the deadlines set by the scheduling order. (*Id.*) Defendant also argued that it had a viable summary judgment argument, and attached an affidavit attesting to such. (*Id.* at PageID.62, 69.)

To support its good-cause argument, Defendant attached an objection it had mailed to Plaintiff on August 13, 2019. (*Id.* at PageID.66.) Apparently, Plaintiff had sent Defendant a timely request for interrogatories, documents, and other discovery on July 23, 2019. (*Id.*) Defendant had responded to Plaintiff's request by noting that no discovery could take place before the parties "have conferred as required

by Rule 26(f). As of this date, no Rule 26(f) conference has been held in this case. Therefore, Plaintiff's discovery requests are not permitted." (*Id.* at PageID.66-67.) It does not appear that either party took further action until Plaintiff filed its motion to compel on September 24, 2019.

On October 3, 2019, Magistrate Judge Morris issued an Order denying Defendant's Motion to Adjourn. (ECF No. 18.) Judge Morris noted that, while courts may extend deadlines after the deadlines have already passed, Federal Rule of Civil Procedure 6(b)(1)(B) requires that the movant show both "excusable neglect" and "good cause" before the court will do so. (*Id.* at PageID.74.) Judge Morris found that Defendant was inexcusably neglectful and that it was unnecessary to reach good cause. (*Id.* at PageID.76.)

Judge Morris also issued a second October 3 Order granting Plaintiff's Motion to Compel Discovery. (ECF No. 19.) Judge Morris noted that Plaintiff's motion was also untimely, but that "[b]ecause Defendant's reasoning for his failure to respond was based on [an] erroneous assumption that no scheduling order had been issued, the motion to compel is GRANTED." (*Id.* at PageID.77.)

On October 14, 2019, Defendant filed a timely objection to Judge Morris's Order denying Defendant's motion to extend the deadlines. (ECF No. 20.)

**LAW AND ANALYSIS**

For the following reasons, Defendant's objection is OVERRULED and Judge Morris's order is AFFIRMED. Additionally, the Court exercises its discretion to EXTEND dispositive motion deadlines by thirty (30) days.

Excusable Neglect

Defendant's objection to this non-dispositive pretrial matter will only be granted if Defendant can show that "any part of the order [] is clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "Clear error will be found only when the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Max Trucking, LLC v. Liberty Mut. Ins. Corp.*, 802 F.3d 793, 808 (6th Cir. 2015). It is insufficient for Defendant to restate arguments already rejected by the magistrate judge. *See Coleman-Bey v. Bouchard*, 287 Fed. Appx. 420, 422 (6th Cir. 2008). The objections must additionally be responsive to the order's reasoning and must "pinpoint the magistrate

judge's alleged errors." *Andres v. Comm'r of Soc. Sec.*, 733 Fed. Appx. 241, 244 (6th Cir. 2018).

Here, Defendant made no attempt to "pinpoint," let alone respond to, Judge Morris's reasoning. Defendant instead repeated its rejected arguments and exhibits. Defendant's objection is thus improper. *See Andres*, 733 Fed. Appx. at 244.

Regardless, Judge Morris's decision was correct. Judge Morris analyzed Defendant's motion under the five-factor *Nafziger* test to determine whether Defendant's neglect was excusable enough to warrant an extension under Federal Rule of Civil Procedure 6(b)(1)(B). (ECF No. 18, PageID.74-75.) The Sixth Circuit requires courts to examine five factors to determine whether excusable neglect exists: "(1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the moving party; and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).

In applying this test, Judge Morris found that the first two factors are neutral, as the prejudice to Plaintiff and the judicial proceedings is

negligible. (ECF No. 18, PageID.74-75.) Judge Morris found the fifth factor to weigh "slightly in favor of Defendant," as Defendant's negligence was unintentional and not in bad faith. (*Id.* at PageID.75.) However, Judge Morris found that the third and fourth factors weigh "heavily" against Defendant, as Defendant could have easily checked the Court's online filing system and seen the deadlines in bright red. (*Id.*) Defendant could have also called chambers. (*Id.*) This Court finds that Defendant's negligence is additionally inexcusable because Plaintiff attempted to conduct timely discovery with Defendant, and Defendant rebuffed Plaintiff's attempts due to Defendant's mistaken understanding of the docket. (ECF No. 17, at PageID.66-67.) Plaintiff's timely discovery request provided Defendant with additional notice that it may have misunderstood the deadline, and Defendant still neglected to check in with the Court.[1] As Judge Morris noted,

---

[1] Defendant implies in its objection that it was inconsistent for Judge Morris to grant Plaintiff's untimely motion to compel while denying Defendant's untimely motion to extend. (*See* ECF No. 20, PageID.80 ("Subsequently, an order was issued granting Plaintiff's motion to compel, though it was not timely filed per the scheduling order that is being enforced against Defendant.")) However, unlike Defendant, Plaintiff attempted to comply with the deadlines by timely sending Defendant a discovery request in July. (ECF No. 20-1, PageID.90.) Defendant rebuffed Plaintiff's attempt. (*Id.*) As Judge Morris noted in her Order, Defendant refused Plaintiff's timely request based on a misunderstanding of the docket, making the refusal and subsequent delay unreasonable. (*See* ECF No. 19, PageID.77.) Judge Morris therefore seems to have found good cause in Plaintiff's delay. (*See id.*) While this Court need not conduct a full review of this particular Order, because nobody objected to it, the Order would

> Although the court is empathetic with counsel since we all share the flawed human condition, the consequences of errors made must sometimes be borne by the mistaken actor. *Carlson v. Jetter*, 2013 WL 12177065, at *4 (W.D. Mich. Sept. 11, 2013) (finding that attorney inadvertence, mistake or carelessness, even without bad faith, "weigh against finding that the excuse was excusable"). I therefore find that counsel's neglect was unintentional but also inexcusable.

(ECF No. 18, PageID.76.)

The Court finds that Judge Morris's decision was not clearly erroneous or contrary to law. Defendant's objection is therefore OVERRULED and the Order denying Defendant's motion to extend is AFFIRMED.

<u>Discretion to Extend Deadlines</u>

Although Defendant has not met the threshold for extending deadlines, "the Court has the inherent authority to consider untimely motions for summary judgment even where a party has not shown good cause for an extension of time." *Cooper v. Shelby County, Tenn.*, 2010 WL 3211677, at *3 (W.D. Tenn. Aug. 10, 2010). The purpose of summary judgment is to "make possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute as to the

---

likely survive the "clearly erroneous or contrary to law" standard. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

salient facts." *Mgmt. Investors v. United Mine Workers of America*, 610 F.2d 384, 388-89 (6th Cir. 1979) (quoting *Bland v. Norfolk and S.R.R. Co.*, 406 F.2d 863, 866 (4th Cir. 1969)). The Sixth Circuit, in finding that a district judge did not abuse discretion by accepting an untimely dispositive motion, has framed the principle this way: "[I]t is within the [district] court's discretion to consider a motion for summary judgment, even after the time stipulated in the court's order, where such consideration will eliminate unnecessary trials which waste the parties' time and money, [and] allow the court to give judgment on the issues of law where no disputed issues of fact are found." *Williams v. Wilkinson*, No. 96-3715, 1997 WL 809971, at *2 (6th Cir. Dec. 18, 1997).

Defendant's delay was inexcusable, and it is alarming that the government spurned a discovery request without considering the possibility that it may have misunderstood its deadline. Particularly where a pro se prisoner is involved, it is incumbent upon the government to treat the schedule in these proceedings with increased care.

Nevertheless, the Court recognizes that "it would serve no useful purpose in either streamlining the case or simplifying the issues for trial to deny [the parties] an opportunity to file [a] Rule 56 motion[]." *Cooper*,

2010 WL 3211677, at *3 (allowing defendants to file an untimely summary judgment motion after upholding a magistrate judge's order denying a deadline extension request for lack of good cause); *see also Williams*, 1997 WL 809971, at *3. The facts are undisputed and both parties have clearly framed their legal arguments—the only question is whether Plaintiff's three-day confinement, with no probable cause hearing but an arraignment on outstanding warrants within twenty-four hours, was lawful. *See Pittman v. Experian Info. Sols., Inc.*, 2017 WL 416269, at *1 (E.D. Mich. Jan. 31, 2017) (finding "carelessness, not diligence" with respect to the defendant's timeliness, but allowing dispositive motions anyway to prevent an unnecessary trial); *Century Indem. Co. v. Aero-Motive Co.*, 379 F. Supp. 2d 879, 880 (W.D. Mich. 2004) (allowing the parties to file untimely dispositive motions when there was only one question of law before the court).

Based on the facts and arguments asserted in the pleadings, the Court therefore exercises its discretion to extend the dispositive deadlines by thirty (30) days from the entry of this Order. Responses to dispositive motions will be due twenty-one (21) days from the date of the motion, and any replies will be due twelve (12) days thereafter.

## CONCLUSION

The Court finds no error in Judge Morris's ruling that Defendant has failed to show excusable neglect for an extension of the dispositive motion deadline pursuant to Fed. R. Civ. P. 16(b)(4). Therefore, Judge Morris's order is AFFIRMED. In an effort to streamline and conserve the Court's resources, however, the Court exercises its inherent authority to allow the parties to file their motions for summary judgment within thirty (30) days of the entry of this Order. The parties shall have twenty-one (21) days from the filing of the summary judgment motion in which to respond, and replies will be due twelve (12) days thereafter.

IT IS SO ORDERED.

Dated: December 5, 2019　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 5, 2019.

　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　Case Manager