UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Travon Lewis Bivins,

          Plaintiff,      Case No. 18-11863

v.                              Judith E. Levy
                               United States District Judge

Brian T. Gibbings,

                               Mag. Judge Patricia T. Morris
         Defendant.

_____/

**ORDER GRANTING DEFENDANT BRIAN T. GIBBINGS'
MOTION FOR SUMMARY JUDGMENT [22] AND DENYING AS
MOOT PLAINTIFF'S MOTION FOR APPOINTMENT OF
COUNSEL [27]**

**INTRODUCTION**

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff Travon Lewis Bivins argues that he was detained without a warrant on narcotics and firearms charges and held, in violation of the Fourth Amendment, for longer than 48 hours without a probable cause hearing. (*See* ECF No. 22.) Before the Court is Defendant Officer Brian T. Gibbings' motion for summary judgment. (ECF No. 22.) Defendant correctly argues that Plaintiff was lawfully held because—though he was

not brought for a probable cause determination within 48 hours of his arrest on the narcotics and firearms charges—he was arraigned within 24 hours on five separate outstanding charges and properly held in custody when he did not post bail. Accordingly, the Court GRANTS Defendant's summary judgment motion and dismisses this case. Additionally, the Court DENIES AS MOOT Plaintiff's motion to appoint counsel that was submitted after briefing concluded.

**BACKGROUND**

There is no factual dispute in this case. On May 10, 2017, Defendant Police Officer Brian Gibbings and his partner received a tip about narcotics activity at a particular home in Detroit, Michigan. (ECF No. 22-2, PageID.127-128.) After searching the home and recovering firearms and narcotics, Defendant arrested Plaintiff Travon Bivins without a warrant in the home's main floor bathroom, along with another individual who was present at the scene. (*Id.* at PageID.132.) After two non-party police officers conveyed Plaintiff to the Detroit Detention Center (DDC) for processing at around 6:00 p.m. on May 10, the police discovered that Plaintiff already had five prior outstanding warrants issued by the 36th District Court. (ECF Nos. 22-3, PageID.149; 22-6,

PageID.181.) That same night, the police additionally charged Plaintiff with weapons and controlled substances violations as a result of the day's incident. (ECF No. 22-3, PageID.149.)

On the following day, May 11, 2017, Plaintiff was video-arraigned on the five outstanding warrants before Judge White of the 36th District Court and given a cash bond of $200 per offense, or $1,000 total. (ECF No. 22-6, PageID.182.) Plaintiff did not post bond and was therefore kept in custody. (*See id.*) Two days later, on May 13, 2017, Plaintiff was video-arraigned on the narcotics and weapons charges that were the subject of the May 10 arrest. (ECF No. 22-5, PageID.178.)

Subsequently, on May 25, 2017, Plaintiff pled guilty to two of the five outstanding charges and was credited time served. On May 26, 2017, Plaintiff was bound over to the 3d Circuit Court, before which he later pled nolo contendere to one of the May 10 charges. The remaining charges were dropped, and Plaintiff was sentenced to time in custody. (*Id.* at PageID.178-79.)

On June 12, 2018, Plaintiff filed this action alleging that Defendant violated his Fourth Amendment rights by failing to arraign him for the weapons and narcotics charges within 48 hours of his May 10 arrest.

(ECF No. 1.) Plaintiff seeks compensatory damages and attorney fees. (*Id.* at PageID.5.) Defendant moved for summary judgment on January 6, 2020, and Plaintiff responded on February 3, 2020.[1] (ECF Nos. 22; 24.) Defendant replied on February 7, 2020. (ECF Nos. 25-26.) Subsequently, Plaintiff requested that the Court appoint counsel to represent him for the purpose of this summary judgment motion. (ECF No. 27.)

**LAW AND ANALYSIS**

For the following reasons, the Court GRANTS Defendant's motion for summary judgment, DENIES AS MOOT Plaintiff's motion for appointment of counsel, and DISMISSES this case.

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). While it is Defendant's burden to

---

[1] Plaintiff's response contains a separate brief that could be construed as an independent motion for summary judgment. (ECF No. 24, PageID.195.) Because such a motion is both untimely and contains arguments that were not asserted in the complaint, the Court declines to address it. Fed. R. Civ. P. 6(b)(1)(B).

identify those portions of the pleadings "which he believes demonstrate the absence of a genuine issue of material fact," the burden then shifts to Plaintiff to "set forth specific facts showing that there is a genuine issue for trial," even "go[ing] beyond the pleadings" if necessary. *Pearce v. Faurecia Exhaust Sys.*, 529 Fed. Appx. 454, 457 (6th Cir. 2013) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (citing *Skousen v. Brighton High Sch.,* 305 F.3d 520, 526 (6th Cir. 2002)).

Plaintiff files this lawsuit pursuant to 42 U.S.C. § 1983 and alleges that Defendant violated his Fourth Amendment right against unreasonable seizures. (ECF No. 1.) To succeed on a § 1983 claim, Plaintiff must demonstrate that a person acting under color of state law deprived him of a "right secured under the Constitution or federal law." *Alkire v. Irving*, 330 F.3d 802, 813 (6th Cir. 2003). In this case, Plaintiff argues that "[t]he defendant being the arresting officer, was obligated as such to bring this plaintiff before a judicial office[r] for a probable cause determination hearing [within 48 hours of] plaintiff's warrantless

arrest." (ECF No. 1, PageID.4.) Plaintiff argues that, because Defendant did not ensure that he was arraigned on the narcotics and firearms charges within 48 hours of his arrest, Plaintiff's Fourth Amendment rights were violated and he is accordingly entitled to compensatory damages. (*See id.*) Defendant's two arguments in response are: first, that Plaintiff's detention was lawful because he was arraigned on outstanding charges after 24 hours, and second, that Plaintiff cannot demonstrate that his constitutional injury caused his injury. (ECF No. 22.)

Defendant is entitled to summary judgment because he did not violate Plaintiff's Fourth Amendment rights.[2] Plaintiff is correct that the Fourth Amendment protects him from seizure and detention without a "fair and reliable determination of probable cause, which must be made promptly after a warrantless arrest." *Alkire*, 330 F.3d at 813 (quoting *Gerstein v. Pugh*, 420 U.S. 103, 125 (1975)). In *Alkire*, the Sixth Circuit affirmed that "a judicial determination of probable cause within [48] hours of arrest will, as a general matter, comply with the [constitutional] promptness requirement . . . if the defendant is held on a valid warrant,

---

[2] Because the Court finds no constitutional violation, it is unnecessary to reach Defendant's additional causation argument.

he is not constitutionally entitled to a separate judicial determination that there is probable cause to detain him pending trial." *Id.* at 813-14 (quoting *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991)) (internal quotations omitted).

In this case, Plaintiff was warrantlessly arrested at the narcotics operation on May 10, 2017. After police discovered Plaintiff's five prior outstanding warrants on the night of his arrest, the officers ensured that Plaintiff was arraigned before Judge White of the 36th District Court on May 11, 2017. (*See* ECF No. 22-4.) When Plaintiff did not pay the $1,000 bond issued by Judge White, he was detained until May 13, 2017, where he was arraigned on the narcotics and firearms charges before the 3d Circuit District Court and subsequently bound over for processing. Though Plaintiff had to wait longer than 48 hours before his arraignment for the events of May 10, his detention was lawful because it was pursuant to a separate probable cause determination made on May 11.[3]

---

[3] This fact distinguishes Plaintiff's argument from that of the detainee in *Alkire*. In *Alkire*, the detainee was similarly held for 72 hours without a probable cause determination after being arrested and charged with driving while intoxicated (DWI). 330 F.3d at 814. Though the police asserted that they detained Alkire pursuant to an outstanding warrant, and not because of the DWI, Alkire received no probable cause determination of any kind—on any charge—for 72 hours. *Id.* at 807. Because the Sixth Circuit could not determine whether the police had unlawfully held

*See Alkire*, 330 F.3d at 814; *Baker v. McCollan*, 443 U.S. 137, 144 (1979) ("Respondent was indeed deprived of his liberty for a period of days, but it was pursuant to a warrant conforming, for purposes of our decision, to the requirements of the Fourth Amendment.")

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant's motion for summary judgment and DISMISSES this case. Accordingly, the Court DISMISSES AS MOOT Plaintiff's motion for counsel.

IT IS SO ORDERED.

Dated: November 9, 2020  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
  United States District Judge

---

Alkire on the DWI or lawfully held him on the outstanding warrant, the court determined that this issue presented a "material factual dispute, which is inappropriate for resolution on summary judgment." *Id.* at 814.

Conversely, in Plaintiff's case, the May 11 probable cause determination and subsequent failure to pay bond eliminates the factual dispute: Plaintiff was detained for longer than 48 hours because he could not post bond for the outstanding warrants on May 11, and not because of the May 10 arrest.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 9, 2020.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
